UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

EDGAR TATUM,
    *Plaintiff*,

v.

IVAN LADD-SMITH,
    *Defendant*.

No. 3:18-cv-01103 (VAB)

**RULING ON MOTION TO AMEND OR ALTER JUDGMENT**

On June 28, 2018, Edgar Tatum, currently incarcerated at MacDougall-Walker Correctional Institution in Suffield, Connecticut, and proceeding *pro se*, sued Ivan Ladd-Smith under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388 (1971), which permits suits against federal employees for violations of federal constitutional rights. Mr. Tatum alleged that Mr. Ladd-Smith has deprived him of his right of access to the courts. Compl., ECF No. 1.

On October 25, 2018, the Court dismissed the case under 28 U.S.C. § 1915(a) because Mr. Tatum's claims did not fall within the recognized categories of *Bivens* claims and the Court decided against creating a new, free-standing judicial remedy in Mr. Tatum's case. Initial Review Order, ECF No. 9.

Mr. Tatum has now filed an amended motion to alter or amend the judgment entered against him in this case. Am. Mot. to Alter or Am. J., ECF No. 14.

On February 11, 2019, Mr. Ladd-Smith filed a memorandum in opposition to Mr. Tatum's amended motion to alter or amend the judgment. Mem. in Opp'n to Pl.'s Am. Mot. to Alter or Am. J., ECF No. 20.

For the following reasons, the Court **DENIES** the motion to alter or amend the judgment.

## I. STANDARD OF REVIEW

Rule 59(e) of the Federal Rules of Civil Procedure allows a party to move to "alter or amend a judgment" no later than 28 days after the entry of the judgment. Courts consider a motion made under Rule 59(e) of the Federal Rules of Civil Procedure a motion for reconsideration. *See Krohn v. N.Y. City Police Dep't.*, 341 F.3d 177, 179 (2d Cir. 2003) (noting that a party timely filed for reconsideration under Fed R. Civ. P. 59(e)). "The standard for granting [a motion for reconsideration] is strict, and reconsideration will generally be denied unless the moving party can point to controlling decisions or data that the court overlooked— maters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995); *Lora v. O'Heaney*, 602 F.3d 106, 111 (2d Cir. 2010).

A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992) (internal citations omitted); *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013).

## II. DISCUSSION

Here, neither the law nor facts have changed since the Court dismissed Mr. Tatum's claim in October 2018. As a result, he must identify a clear error on the part of the Court for his motion to succeed.

Mr. Tatum, however, has failed to raise any new information that would lead to a clear error finding. Instead, he simply has reiterated the same legal and factual arguments the Court has already considered.

The Court therefore **DENIES** Mr. Tatum's motion to alter or amend judgment. *See Shrader*, 70 F.3d at 257 (finding that "a motion to reconsider should not be granted where the moving party seeks solely to relitigate an issue already decided."); *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012) (finding that a motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." (internal quotation marks omitted)).

### III. CONCLUSION

For the foregoing reasons, the Court **DENIES** Mr. Tatum's motion to alter or amend the judgment.

**SO ORDERED** at Bridgeport, Connecticut, this 9th day of April 2019.

/s/ Victor A. Bolden
VICTOR A. BOLDEN
UNITED STATES DISTRICT JUDGE